IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JUDITH ANN DONOVAN,
FORMER WIFE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant/Cross-Appellee,

CASE NO. 1D15-3885

v.

JOHN CHARLES DONOVAN,
III, FORMER HUSBAND,

Appellee/Cross-Appellant.

_____/

Opinion filed August 9, 2016.

An appeal from the Circuit Court for Okaloosa County.
John "Jay" Gontarek, Judge.

Michael T. Webster and E. Jane Brehany, Pensacola, for Appellant/Cross-Appellee.

R. Stan Peeler, of Peeler Law Firm, P.C., Pensacola, for Appellee/Cross-Appellant,

PER CURIAM.

The parties have raised a number of issues, all of which we affirm, writing only to explain why affirmance is appropriate on the trial court's order that reduced the former husband's alimony payment to zero based on changed circumstances. The former wife, who argued that the modification of alimony was erroneous, argued

that even if a reduction of alimony was proper, we should remand and require the trial court to enter an award of a nominal amount of permanent alimony to preserve jurisdiction in case of changed circumstances in the future. But the trial court has explicitly said that it "retains jurisdiction to enter whatever other orders which may be required," which would include situations where changed circumstances might support an increase in awarded alimony. Although a nominal award of alimony preserves the trial court's jurisdiction to revisit the matter in the future, entry of a nominal alimony award in this case was not necessary because jurisdiction was already retained. <u>Winder v. Winder</u>, 152 So. 3d 836, 841 (Fla. 1st DCA 2014).

AFFIRMED.

ROWE, MAKAR, and BILBREY, JJ., CONCUR.